UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEANDRE D. WALTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-cv-00585 SEP |
| JUDGE PAULA BRYANT, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff DeAndre D. Walton's motion for leave to proceed *in forma pauperis*. Doc. [2]. Having reviewed the motion, the Court will assess an initial partial filing fee of $1.00, and will dismiss this action without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. District courts "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee" of 20% of the greater of the average monthly deposits to the prisoner's account and the average monthly balance in the prisoner's account for the prior six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. The Court will therefore require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff DeAndre Walton, an inmate at the Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri, filed the instant action pursuant to 42 U.S.C. § 1983. Plaintiff brings this action against St. Louis Circuit Court Judge Paula Bryant.

Review of public records on Missouri Case.net shows that in March of 2022, Plaintiff was charged with two counts of First-Degree Murder, two counts of Armed Criminal Action, and one count of Unlawful Possession of a Firearm in the matter of *State v. Walton*, No. 2222-CR00369 (22nd Jud. Cir. 2022). He has since been convicted and sentenced to life imprisonment.[1]

In the instant action, Plaintiff alleges that Circuit Court Judge Paula Bryant, who presided over his criminal action, denied his Fifth, Sixth, Eighth and Fourteenth Amendment rights by: (1) failing to provide him a preliminary hearing in a timely manner; (2) denying him bail; (3) failing to allow him to present evidence of police misconduct at a suppression hearing; (4) making him take on stand-by counsel when he wanted to represent himself pro se; (5) failing to provide him grand jury transcripts and/or failing to quash the indictment; (6) failing to recuse herself; and (7) failing to find that Plaintiff's counsel was ineffective.

Plaintiff seeks five million dollars in compensatory damages.

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) "that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges wrongdoing by a Circuit Court Judge in the performance of her judicial duties. Judges are absolutely immune from civil lawsuits based on judicial misconduct, subject to two exceptions: (1) when a judge does not act within her judicial capacity or (2) when a judge takes judicial action in the absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Plaintiff alleges no facts suggesting that Judge Bryant acted outside her judicial capacity or without jurisdiction. All of Judge Bryant's allegedly unlawful actions were judicial in nature. And Judge Bryant, acting as a judge in the 22nd Judicial Circuit Court, took judicial action pursuant to the jurisdiction granted to that court by the Missouri Constitution. *See* Mo. Const. art V, § 14. Judicial immunity applies "even when the judge is accused of acting maliciously and

---

[1] This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

3

corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  Because Judge Bryant acted within her judicial capacity and within her court's jurisdiction, she is immune from Plaintiff's claims.  Accordingly, Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

No leave to amend will be granted.  Plaintiff's claims are clear, and the Court can envision no amendment to the Complaint that would cause it to state a valid claim for relief.

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, within 30 days of the date of this order, Plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this Order of Dismissal would not be taken in good faith.

Dated this 12th day of June, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4