**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DEANDRE WALTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )    No. 4:25-cv-000585-SEP |
| JUDGE PAULA BRYANT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Deandre Walton's post-dismissal Motion to Amend. *See* Doc. [17]. Walton's civil rights suit was dismissed on June 12, 2025, and the Eighth Circuit Court of Appeals affirmed the dismissal on October 1, 2025. *See* Docs. [3], [4], [14]. For the reasons set forth below, his request to amend post-dismissal is denied.

Federal Rule of Civil Procedure 15(a)(2) counsels federal courts to "freely grant leave [to amend a pleading] when justice so requires." But "[a]fter a complaint is dismissed, the right to amend under Fed. R. Civ. P. 15(a) terminates." *Humphreys v. Roche Biomedical Lab'ys, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993) (citation omitted). The liberal pleading standard of Rule 15(a) "does not govern when, following a final judgment, the case is closed and there is no pending pleading to amend." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621 (2025). Leave to amend may still be granted in the Court's discretion, but "interests of finality dictate that leave to amend should be less freely available after a final order has been entered." *U.S. ex rel. Roop v. Hypoguard USA, Inc.,* 559 F.3d 818, 823 (8th Cir. 2009). The Court has "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored." *Id*. at 824.

Amendment is properly denied when the proposed amended complaint could not withstand initial review under 28 U.S.C. § 1915(e)(2). *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (even under Rule 15(b), "there is no absolute right to amend"; a court may deny a motion to amend for a number of reasons including futility) (citation omitted); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (denial of leave to amend justified because the "complaint, as amended, could not withstand a motion to dismiss").

Plaintiff filed this civil rights action against Missouri Circuit Judge Paula Bryant, who presided over his criminal action, alleging denial of his Fifth, Sixth, Eighth and Fourteenth Amendment rights.  Doc. [1].  Because Plaintiff was proceeding *in forma pauperis*, the Court reviewed the Complaint under 28 U.S.C. § 1915.  Based on that review, the Court determined that Judge Bryant was judicially immune from Plaintiff's claims against her.  Doc. [3] at 4.

Plaintiff now argues that he should be allowed to bring an action against Judge Bryant because he thinks she is liable for judicial misconduct and bias.  Doc. [17] at 1-3.  But Plaintiff does not allege that Judge Bryant acted outside of her judicial capacity or in the absence of jurisdiction—one of which is required to overcome the defense of judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Because Plaintiff's proposed amendment would not cure the Complaint's pleading deficiencies, the Court declines to grant Plaintiff leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend, Doc. [17], is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk shall not accept any further filings in this action unless they relate to an appeal.

Dated this 3rd day of June, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2